In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 16-3132

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

STEVEN R. SCHENIAN,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 15-CR-246 — **William C. Griesbach**, *Chief Judge.*

———————————

ARGUED JANUARY 24, 2017 — DECIDED JANUARY 30, 2017

———————————

Before BAUER, EASTERBROOK, and KANNE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge*. After pleading guilty to drug and firearms charges, Steven Schenian was sentenced to 144 months' imprisonment—two years higher than the statutory minimum, but within the Guidelines range of 135 to 168 months. The plea bargain included an agreement that the prosecutor would recommend a sentence of 144 months,

while Schenian would argue for less. The district judge accepted the prosecutor's recommendation.

Schenian used illegal drugs in addition to peddling them. While in jail on these charges he had his girlfriend smuggle drugs to him, but he told the judge that he had decided to turn his life around. The prosecutor stated, however, that a urine sample collected the evening before sentencing showed that Schenian even then had one unauthorized drug in his system. When imposing sentence the judge did not mention the previous night's test but did deem it significant that Schenian had continued using drugs while in custody.

The prosecutor turned out to have been mistaken. He had misinterpreted raw data from the test. The lab report concluded that Schenian had not been on drugs at the time of that test. Eight days after Schenian's sentencing, the prosecutor sent letters to the court and Schenian's lawyer disclosing the error. The district court promptly issued this order:

> The Court has considered the correction of information conveyed in the Government's … letter. The Court remains convinced that the original sentence imposed in this case was sufficient but not greater than necessary to accomplish the purpose of sentencing. None of the facts contained in that letter would lead the Court to alter its decision.

Schenian then asked the judge to use Fed. R. Crim. P. 35(a) to resentence him. This rule provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The judge denied this request, explaining:

> In response to the Government's letter correcting the record made at the sentencing hearing … , counsel for the defendant has requested resentencing. Having reviewed the presentence report, the Court remains convinced that the sentence imposed

was sufficient but not greater than necessary to accomplish the goals of sentencing as set forth in 18 U.S.C. §3553. The Court notes that it imposed a sentence of 72 months on each of the two counts to be run consecutively for a total of 144 months, or 12 years. This was the sentence that the Government had agreed to recommend in the plea agreement that was filed with the Court on April 18, 2016, months before the sentencing hearing where the erroneous information surfaced. Furthermore, given the nature of the crime and the history of the defendant, the Court would have been inclined to impose a higher sentence, had it not been for the Government's recommendation. Under these circumstances, the Court is satisfied that the erroneous information concerning [Schenian's] use of drugs just before his sentencing did not affect his sentence. Had it done so, the Court would have ignored the plea agreement and gone above the 12 years recommended by the Government. Indeed, the 144 month sentence fell well within the Guideline range. For this reason, and for the reasons set forth in the Court's sentencing comments, the motion for resentencing or reduction in sentence is denied.

Despite having asked the district judge to use his power under Rule 35(a) to reduce the sentence, Schenian argues to us that the judge had no such power—that no "arithmetical, technical, or other clear error" occurred. As Schenian now sees things, because the judge had no power to grant the request, he likewise had no power to deny it; if he lacked power to deny it, then we must ignore his statement that the error did not affect the sentence; and if we ignore the district judge's views, then the only sensible thing to do is to remand for resentencing, which Schenian thinks should be conducted by a different judge. We do not agree with any part of this chain of contentions.

Let us suppose for the moment that a sentence affected by a particular proposition of fact cannot be called a "clear error" even though everyone now agrees that the proposi-

tion was false. Then the district judge could not have granted the motion. But he still had power to deny the motion. The need to deny a motion does not determine what reason a judge gives for taking the required action. The district judge might have said "I have no authority to grant this motion" and stopped. But he equally could have said "I would deny this motion even if I had the power to grant it, and here's why." The district court denied Schenian's motion without deciding whether he had the power to grant it, explaining that the sentence did not reflect an error of any kind. If there was no error, there was no clear error. The absence of a clear error was at once a reason not to grant the motion and a reason why the judge lacked authority to grant the motion. Either way, the judge's explanation supplies valuable information that a court of appeals can consider.

If the district judge came to think that the sentence was too high, because it had been influenced by a false belief that Schenian was on drugs the night before sentencing, that would have revealed a "clear error" that would have allowed the judge to fix the problem within 14 days of sentencing. A mistakenly high sentence cannot be called an "arithmetical" or "technical" gaffe, but an error it would be—and if the error was clear only in hindsight, still it would be "clear error." Cf. *Henderson v. United States*, 133 S. Ct. 1121 (2013) (an error that is plain only in retrospect can be corrected as "plain error" under Fed. R. Crim. P. 52(b)). The "clear error" standard of Rule 35(a) and the "plain error" standard of Rule 52(b) may well be the same thing—the former for use by district courts (with a short time limit) and the latter for use by appellate courts. What could be gained by declaring that a district court cannot rectify an obvious error? The main function of Rule 35(a) is to allow district

judges to fix errors that otherwise would be bound to pro-
duce reversal. See *United States v. Clark*, 538 F.3d 803, 809 (7th
Cir. 2008).

Schenian's problem is not that a judge's reliance on false
information can never be "clear error." It is that the district
judge did *not* rely on the false information, so there was no
judicial error. The prosecutor made an error, and that error
was clear in retrospect (once the lab released its report). But
Rule 35(a) does not authorize a judge to revise a sentence be-
cause one of the litigants has made a mistake. It authorizes
the court to fix sentences affected by its own errors, whether
they be arithmetical, technical, or otherwise "clear". Once a
judge has decided that the sentence is unaffected by error,
there is no need for a do-over.

What the district judge said shows that Schenian's sen-
tence was unaffected by the prosecutor's error. We have no
reason to doubt the judge's assessment of his own thinking.
Indeed, his second explanation strikes us as compelling. See
also, e.g., *United States v. Abbas*, 560 F.3d 660, 666–67 (7th Cir.
2009), among the many cases in which we have accepted a
district judge's reasoned statement that a particular fact or
legal belief did not affect a sentence. A remand for further
proceedings would waste everyone's time.

AFFIRMED